UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERVIN DAVID RODAS PEDRO,

*Petitioner*,

v. Case No. 3:26-cv-798-JEP-PDB

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.,

*Respondents*.
_________________________________/

**ORDER**

Petitioner, an immigration detainee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on April 8, 2026, and an amended petition on May 11, 2026. (Docs. 1, 3). Petitioner is a citizen of Guatemala; he was ordered removed in 2020 but granted withholding of removal to Guatemala; United States Immigration and Customs Enforcement ("ICE") released Petitioner on an order of supervision ("OSUP") on September 21, 2020; and ICE re-detained him on March 25, 2026. (*See* Doc. 3 at 5, 7-8; Doc. 7 at 2). Petitioner argues, among other things, that ICE violated its own regulations when revoking his OSUP. (*See* Doc. 3 at 6-8). Petitioner asks the Court to order his immediate release under reasonable conditions of supervision. (*Id.* at 8).

On May 28, 2026, the Federal Respondents filed a response arguing, in relevant part, that Petitioner's OSUP was properly revoked. (Doc. 7 at 7-8).

According to the Federal Respondents, "Petitioner's OSUP was revoked pursuant to 8 C.F.R. 241.4(l)" because it was "'appropriate to enforce a removal order.'" (*Id.* at 7 (quoting 8 C.F.R. 241.4(l); *see* Doc. 7-5 at 1)). The notice of revocation of release dated May 19, 2026, and served on Petitioner on May 22, 2026, confirms that Petitioner's OSUP was revoked pursuant to 8 C.F.R. § 241.4(l) to "enforce the removal order entered against [him]." (Doc. 7-5 at 1). Petitioner was provided with an informal interview on May 24, 2026, "to afford [him] an opportunity to respond to the reasons for revocation" of his OSUP. (Doc. 7-6 at 1).[1]

ICE may revoke an alien's OSUP if "[i]t is appropriate to enforce a removal order[.]" 8 C.F.R. § 241.4(l)(2)(iii). "Upon revocation," ICE must notify an alien "of the reasons for revocation" and afford him "an initial informal interview *promptly* after his . . . return to . . . custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1) (emphasis added).

---

[1] In the amended petition, Petitioner cites 8 C.F.R. § 241.13, arguing that ICE violated that regulation when revoking his OSUP. (Doc. 3 at 6-7). It was not until *after* the amended petition was filed that ICE provided Petitioner with the revocation paperwork showing that it revoked his OSUP under 8 C.F.R. § 241.4(l). Thus, in his reply, Petitioner responds to the Federal Respondents' assertion that his OSUP was properly revoked under § 241.4(l), and he argues that "[a] notice served weeks after detention, followed by a delayed interview, does not preserve the process the regulations promise; it defeats it." (Doc. 9 at 5).

"[C]ourts have 'interpreted section 241.4(l) as requiring an informal interview upon the revocation of release regardless of the reason for the revocation'—meaning that the notice and informal interview requirement stated in § 241.4(1)(1) applies to revocation under § 241.4(1)(2)." *Grigorian v. Bondi*, 824 F. Supp. 3d 1243, 1252 (S.D. Fla. 2025) (collecting cases). Indeed, in this case, the notice of revocation advised Petitioner that he would be afforded an informal interview, and two days after he was served with that notice, he received an informal interview. (*See* Docs. 7-5, 7-6). The problem is that ICE detained Petitioner on March 25, 2026, and it failed to serve the notice of revocation on Petitioner and provide him with an informal interview until almost two months after his re-detention. (Doc. 7-5 at 2). The failure to provide Petitioner with notice of revocation "[u]pon revocation" and an informal interview "promptly" after his re-detention violates ICE's own regulations. 8 C.F.R. § 241.4(l)(1); *see Camacho-Perez v. Mullin*, No. 26-CV-3691 JLS (DDL), 2026 WL 2244061, at *3 (S.D. Cal. Aug. 4, 2026) ("The Court finds that, in violation of ICE's regulations,[[2]] the revocation of [the p]etitioner's supervised release without notice or an informed interview justifies granting release from custody."); *Nguyen v. Dep't of Homeland Sec.*, No. CIV-26-87-R, 2026 WL

[2] *Camacho-Perez* addressed 8 C.F.R. § 241.13(i)(3), which similarly requires that "[u]pon revocation, the alien will be notified of the reasons for revocation" and be afforded "an initial informal interview promptly after his" re-detention.

1506428, at *5 (W.D. Okla. May 29, 2026) (finding that ICE "violated its own regulations pursuant to § 241.4(l) when it re-detained [the p]etitioner without adequate notice or a prompt informal interview"); *Grigorian*, 824 F. Supp. 3d at 1256 ("The failure to provide Petitioner with an informal interview *promptly* after his detention or to otherwise provide a meaningful opportunity to contest the reasons for revocation violates [ ] ICE's own regulations[.]" (emphasis added)); *see also Pham v. Warden*, No. 1:25-CV-1873 DC AC, 2026 WL 673404, at *13 (E.D. Cal. Mar. 10, 2026), *rep. & rec. adopted sub nom.*, 2026 WL 849861 (E.D. Cal. Mar. 27, 2026) ("An interview weeks or months after revocation of release is not a prompt initial informal interview." (quotation marks and citations omitted)); *Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111 JES DEB, 2025 WL 2988356, at *4 (S.D. Cal. Oct. 23, 2025) (holding that an interview conducted four months after a petitioner's re-detention did not satisfy the "prompt" informal interview requirement under the regulations); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *11 (D. Or. Aug. 21, 2025) (concluding that an informal interview provided twenty-seven days after re-detention was not in compliance with the regulations).

While ICE has wide discretion to revoke an alien's supervised release, it is required to follow its own regulations. *See Mohammed H. v. Trump*, 781 F. Supp. 3d 886, 895 (D. Minn. 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954)); *see also Chevron Oil Co. v. Andrus*,

588 F.2d 1383, 1386 (5th Cir. 1979) ("We think *Accardi* stands for the unremarkable proposition that an agency must abide by its own regulations.");[3] *Gonzalez v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000) ("Executive agencies must comply with the procedural requirements imposed by statute" and "must respect their own procedural rules and regulations."). ICE did not do so here. As such, the Court concludes that Petitioner's re-detention violated 8 C.F.R. § 241.4(l) and that he is entitled to release. *See Grigorian*, 824 F. Supp. 3d at 1256 (collecting cases); *see, e.g.*, *Fuentes v. Ripa*, No. 3:26-CV-134-MMH-PDB, 2026 WL 717982, at *3-4 & n.5 (M.D. Fla. Mar. 16, 2026) (ordering release after finding that ICE failed to comply with its regulations in revoking the petitioner's OSUP). As such, the Court will grant the amended petition on this claim.

Accordingly, it is **ORDERED**:

1. The amended petition for a writ of habeas corpus (Doc. 3) is **GRANTED** as to Petitioner's claim that Respondents violated ICE's regulations when revoking his OSUP. Because Petitioner's re-detention without notice upon revocation and the *prompt* informal interview required by ICE regulations is unlawful,

---

[3] Decisions from the former Fifth Circuit rendered on or before September 30, 1981, are binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Respondents shall release Petitioner **within 24 hours of this Order**, subject to and in accordance with the conditions in his preexisting OSUP, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Respondent Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The **Clerk** shall enter judgment granting to the extent stated the amended petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on August 31, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record